UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ADNAN ASIF PARVEEN,<br>    Plaintiff,<br><br>v.<br><br>KIRSTJEN NIELSON, Secretary of Department of Homeland Security; LEE FRANCIS CISSNA, Director, U.S. Citizenship and Immigration Services (USCIS); STEPHANIE REITHER, Field Office Director, Columbus Field Office, U.S. Citizenship and Immigration Services (USCIS); RONALD D. VITELLO, Acting Head, Immigration and Customs Enforcement (ICE); DANIEL BIBLE, Field Office Director, San Antonio Field Office, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations (ICE/ERO),<br>    Defendants. | CIVIL ACTION 1:19-CV-30<br><br>PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF |

Plaintiff, by and through his attorney, complains of the Defendants, alleging as follows:

## I. INTRODUCTION

Plaintiff, Adnan Asif Parveen ("Mr. Asif"), is a native of Pakistan, and a citizen of Spain. He entered the United States as a visitor under the visa waiver program ("VWP"), to visit an uncle and cousins in New York. In the course of the visit, he met and fell in love with, Jennifer Asif, a United States citizen. The relationship developed; Mr. Asif remained in the United States. The couple married on September 29, 2016.

On or about April 5, 2017, Plaintiff's wife file an I-130, Petition for Alien Relative, on his

behalf with the Department of Homeland Security, U.S. Citizenship and Immigration Services ("DHS/USCIS"). Along with that petition, Mr. Asif filed an I-485, Application to Adjust Status (to lawful permanent resident) and an I-765, Application for Employment Authorization (EAD). Biometrics for the purpose of doing a background check were scheduled, and completed. Mr. Asif received an EAD allowing him to work in the United States while the adjustment application was pending, for one year.

DHS/USCIS scheduled Mr. and Mrs. Asif to appear for an interview on the petition and application on September 28, 2017. They appeared for the interview and were met by DHS/USCIS personnel who informed them the interview was canceled, no reason given. Subsequently, they received written notice of the cancellation, with no reason given. The notice indicated they would be notified of further action, including any rescheduled interview information. Regular inquiries brought no information and no action.

In June 2018, recognizing that his EAD would expire in August, Mr. Asif filed to renew the document, based on his pending application to adjust status. His EAD expired on its face, but announced and published DHS/USCIS policy automatically extended the EAD for 180 days (until February 26, 2019).

At the end of 2018, Mr. Asif, working as a truck driver, took a load to the Rio Grande Valley. On his return, he was stopped at the checkpoint in Falfurrias, Texas. Despite the fact that he had a pending application to adjust status, and that his EAD was still valid, Mr. Asif was stopped, held and questioned, and ultimately detained at Port Isabel Detention Center, Los Fresnos, Texas by DHS/ICE.

Mr. Asif remains detained and is in danger of imminent deportation by DHS/ICE. Twenty-

three months have passed, and DHS/USCIS has not adjudicated the petition filed on his behalf by his U.S. citizen wife, nor his application to adjust status to lawful permanent resident and his application to renew his EAD while the adjustment application is pending. Mrs. Asif, who is not well, is in the process of being evicted from their home.

## II. PARTIES

1. Plaintiff, Adnan Asif Parveen, is a native of Pakistan, and a citizen of Spain, married to a U.S. citizen. On or about April 5, 2017, the couple filed an I-130, Petition for Alien Relative, an I-485, Application to Adjust Status to Resident, and an I-765, Application for Employment Authorization, with DHS/USCIS, Columbus Field Office.

2. Defendant Kirstjen Nielson is the Secretary of the Department of Homeland Security. Defendant is sued in her official capacity only. Defendant Nielson is responsible for the administration of the Department of Homeland Security with ultimate authority over DHS/USCIS and DHS/ICE, their policies and their actions.

3. Defendant Lee Francis Cissna is the Director of USCIS. He is sued in his official capacity only. Defendant Cissna is charged with the management of USCIS and the ultimate adjudication of I-130 Petitions, I-485 Applications and I-765 Applications.

4. Defendant Stephanie Reither is the Field Office Director of the Columbus Field Office of DHS/USCIS and is sued in her official capacity only. Defendant Reither is charged with the management of day-to-day operations of the Columbus Field Office and is the ultimate adjudicator of Petitions and Applications in the Columbus Field Office.

5. Defendant Ronald D. Vitello is Acting Head of ICE and is sued in his official capacity only.

Defendant Vitello is charged with the management of ICE and has authority over ICE, Enforcement and Removal Operations (ERO).

6. Daniel Bible, is Field Office Director, San Antonio Field Office ICE / ERO is sued in his official capacity only. He has authority over Port Isabel Detention Center, ICE/ERO.

### III. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(a)(2), since the matter in controversy arises under the Constitution and laws of the United States and the United States is a Defendant. This Court also has jurisdiction over the present action under 28 U.S.C. § 2201 (the Declaratory Judgment Act); 5 U.S.C. § 702 *et seq.* (the Administrative Procedure Act); 28 U.S.C. § 1361 (regarding an action to compel an officer of the United States to perform his or her duty); and 28 U.S.C. § 1651 (relating to the issuance of writs).

8. Venue is proper in this District under 28 U.S.C. § 1391(e), because Plaintiff Adnan Asif Parveen is detained by U.S. DHS/ICE/ERO in Cameron County, Texas within the jurisdiction of this Court, and because Defendants DHS/USCIS operate within this district.

### IV. RELEVANT FACTS AND BACKGROUND

9. Plaintiff, Adnan Asif Parveen ("Mr. Asif"), is a native of Pakistan, and a citizen of Spain. *See, Exhibit A (sealed) incorporated herein, Doc. 1.*

10. As a citizen of Spain, in 2014 Mr. Asif entered the United States as a visitor under the visa waiver program, to visit an uncle and cousins in New York. *Exh. A, Doc. 2.*

11. In the course of the visit, he met and fell in love with his wife, Jennifer Asif, a United States

      citizen.  The relationship blossomed; Mr. Asif remained in the United States.  The couple married on September 29, 2016.  *Exh. A, Doc. 3.*

12.    On or about April 5, 2017, Plaintiff's wife file an I-130, Petition for Alien Relative, on his behalf with U.S. Citizenship and Immigration Services ("USCIS").  Along with that petition, Mr. Asif filed an I-485, Application to Adjust Status (to lawful permanent resident) and an I-765, Application for Employment Authorization (EAD).[1]  *See Exh. A, Doc. 5.*  As required, Plaintiff appeared for his biometrics appointment and was duly fingerprinted and photographed.  He received an EAD allowing him to work in the United States, valid from August 31, 2017 to August 30, 2018.  *Exh. A, Doc. 6.*

13.    On or about August 22, 2017, USCIS sent a notice to Mr. and Mrs. Asif to appear for an interview on the petition and application on September 28, 2017.  *Exh. A, Doc. 7.*  They appeared for the interview on time, on the date, and were met by USCIS personnel who informed them the interview was canceled.  Subsequently, they received written notice, stating the interview was cancelled and they would "be notified of any further action taken on this case, including any rescheduled interview information."  *Exh. A, Doc. 8.*

14.    Despite regular inquiries, including to Senator Sherrod Brown's office, as to the status and progress of the petition and Mr. Asif's adjustment of status application, the interview was not rescheduled, and no explanation was given.  *Exh. A, Doc. 9.*

15.    In June 2018, recognizing that his EAD would expire in August, Mr. Asif filed to renew the

---

[1] Entering the United States under the visa waiver program ("VWP") is a privilege, but one that can cause difficulties, since one is not entitled to see an immigration judge if one overstays.  Nonetheless, it is the published policy of the U.S. Department of Homeland Security, Citizenship and Immigration Services ("DHS/USCIS") to adjudicate the adjustment of status applications for individuals admitted under the VWP, even if they have overstayed, if such individuals are married to U.S. citizens.  Such policy has not been withdrawn.  *Exh. A, Doc. 4.*

document. He was eligible for the EAD owing to his pending application to adjust status. *Exh. A, Doc. 10.* His EAD expired, but since DHS/USCIS has been taking DHS/USCIS so long to issue renewal EADs, the agency had announced that "starting January 17, 2017, USCIS is automatically extending certain expiring EADS for up to 180 days," for those eligible for a renewal (as listed on the announcement) and who had properly filed for a renewal EAD before their current EAD expired. *Exh. A, Doc. 11.* Mr. Asif's EAD, therefore, was automatically extended for 180 days, until February 26, 2019.

16. Mr. Asif worked hard. His wife is in poor health. *Exh. A, Doc. 12.* He is the primary wage earner in the family. He drove for Uber, and toward the end of 2018 had obtained a better job driving a truck. In early January, he drove a load down to the Rio Grande Valley. On his return, he passed through the Falfurrias check point. He showed his EAD, and tried to show the agents the DHS/USCIS announcement indicating that although the face of the card showed it was expired, in fact it was automatically extended. The agents at the checkpoint refused to read the announcement, or apparently to check on the validity of his EAD. He was stopped and held in Customs and Border Patrol ("CBP") and Immigration and Customs Enforcement ("ICE") holding facilities for about six days. He is a Muslim, but was offered only sandwiches that contained pork. When he demurred, he was told that was all that was available. He was interrogated by officers (ICE? Homeland Security Investigations?) Who went through his telephone and asked him about terrorism at his mosque. Mr. Asif prays at the mosque; he has no knowledge of terrorism or terrorists.

17. Mr. Asif was then transferred to Port Isabel Detention Center, Los Fresnos, Texas. He was taken to see an immigration judge. Since he is not afraid to return to Spain, he declined to

apply for asylum. The immigration judge sent him back to ICE. DHS/ICE insists they must deport him, and are working to accomplish that end, ignoring DHS/USCIS policy and failing to cite any law that requires deportation in the given circumstance.

18. In the meantime, DHS/USCIS still has not reviewed and adjudicated the petition and application, that now have been pending for 699 days, or 23 months. Mr. Asif's EAD with extension has now also expired, since DHS/USCIS proved unable to issue a renewal EAD in 253 days, despite indicating that they did not need new biometrics, and would again run the background and security checks using biometric data collected in the past. *Exh. A, Doc. 13*. Mr. Asif has no criminal history known to him or to counsel... or insofar as is known, to DHS.

19. Mrs. Asif is in the process of being evicted from the couple's home. She is working as many hours as she can, despite a recent miscarriage and her other health problems. *Exh. A, Doc. 14.*

20. The Department of Homeland Security, ICE is working to deport Mr. Asif. If this happens, the couple will not only have been evicted from their home, they will also lose all the time and money they have spent on trying to adjust Mr. Asif to lawful permanent resident status ($1,760.00 in DHS/USCIS filing fees alone; counsel does not know what legal fees were charged). They will have to start over, with Mr. Asif in Spain and the need to file an expensive waiver for the deportation. The process, at best, will take two to three years... if it is ever accomplished, since it may well be placed in limbo again. Two lives will be destroyed.

21. The Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accord

with the law, regulations, and published policy.

22. For no good cause, the Defendants have denied the Plaintiff and his wife the opportunity to adjust his status to lawful permanent resident of the United States, and thus for him and his wife to live as husband and wife, by their refusal, first, to adjudicate his application for adjustment of status in accord with law and policy, and subsequently to adjudicate his application for an EAD, in accord with law and policy. The detention of the Plaintiff by DHS/ICE is an abuse of discretion which raises constitutional issues under the First Amendment.

23. The Plaintiff has suffered great damage by the Defendants' failure to act in accordance with their duties under the law and regulations.

24. The Plaintiff has exhausted all administrative remedies available to him.

25. The Defendants, DHS/USCIS in violation of the law and regulations, are unlawfully withholding or unreasonably delaying action on the Plaintiff's application and have failed to carry out the adjudicative duties and administrative functions delegated to them respectively by law with regard to Plaintiff's application. DHS/ICE, by refusing to work in conjunction with DHS/USCIS and refusing to release Mr. Asif until his application is adjudicated, with no good cause, abuses its discretion.

## V.   CAUSES OF ACTION

### A.   FIRST CAUSE OF ACTION

26. Plaintiff incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 - 25 above.

27. Defendants' DHS/USCIS's failure to adjudicate and approve Plaintiff's application for adjustment of status constitutes an unreasonable failure to act in violation of the Administrative Procedure Act and denies Plaintiff due process and equal protection of the laws guaranteed by the Fifth Amendment of the United States Constitution.

28. Defendants' DHS/ICE's detention of Plaintiff while he was in the United States with permission, not accruing unlawful presence, while his application to adjust status was pending, and with a valid EAD, and refusal to release with no good cause, since Plaintiff is neither a danger to society nor a flight risk, is arbitrary and capricious, and an abuse of discretion.

### B.   SECOND CAUSE OF ACTION

29. Plaintiff incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 - 28 above.

30. Defendants' DHS/USCIS's refusal to adjudicate the Application for Adjustment of Status violates the Administrative Procedure Act and the Constitution.  Plaintiff has an unambiguous right to the relief requested.  Defendants have a clear duty pursuant to the Administrative Procedure Act to adjudicate Plaintiff's Application for Adjustment of Status. There is no other adequate remedy available.

### VI.   PRAYER FOR RELIEF

The Plaintiff requests that the Court grant the following relief:

(A) Order the Defendants DHS/USCIS to adjudicate Plaintiff's Application for Adjustment of Status on or before fourteen (14) days from the filing of this

|     |     |
| --- | --- |
|     | complaint, or within a reasonable period of time determined by this Court; |
| (B) | Issue an injunction, enjoining DHS/ICE from deporting Plaintiff until the Application for Adjustment of Status is adjudicated and to show good cause why Plaintiff must be detained; |
| (C) | Retain jurisdiction during the adjudication of the Application for Adjustment of Status in order to insure compliance with the Court's order; |
| (C) | Award reasonable costs and attorney fees; and |
| (D) | Grant such other relief as the Court may deem just and proper. |

Respectfully submitted March 4, 2019,

*s// Cathy J. Potter*

Cathy J. Potter
Lead Attorney for Plaintiff
Pennsylvania Bar 210071
Federal I.D. 1060322

Law Firm of Cathy J Potter PLLC
203 South Commerce Street
Harlingen, Texas 78550
(956) 622-3011 Telephone
(956) 622-3017 Fax
cpotter@cathypotterlaw.com